IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-01617-PAB-MJW

MICHAEL J. KUNK,

      Plaintiff,

v.

KEN SALAZAR, Secretary, United States Department of the Interior,

      Defendant.

_____

## ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT
_____

      This matter is before the Court on defendant Ken Salazar's[1] cross-motion for summary judgment [Docket No. 27] and plaintiff Michael J. Kunk's amended motion for summary judgment [Docket No. 33].  Plaintiff, an employee of the United States Department of the Interior, contests a decision of that agency denying him attorney's fees incurred bringing an ultimately successful challenge to a disciplinary suspension. Defendant contends this Court does not have jurisdiction over plaintiff's claims.  I agree, and dismiss this matter for lack of jurisdiction.

## I.  BACKGROUND

      The material facts of this case are not in dispute.  Plaintiff works for the United States Geological Survey ("USGS"), a component of the Department of the Interior

_____

[1]  At the time defendant's motion was filed, Dirk Kempthorne was the Secretary of the United States Department of the Interior.  Secretary Salazar was confirmed on January 20, 2009.  Thus, he is automatically substituted as the defendant in this suit. Fed. R. Civ. P. 25(d).

(together, the "agency").  Def.'s Cross-Mtn. for Sum. J. [Docket No. 27] ("Def.'s Br.") at

3; Pl.'s Am. Mtn. for Sum. J. [Docket No. 33] ("Pl.'s Br.") at 2.  In April 2004, plaintiff was

given a three-day suspension for allegedly unprofessional conduct.  Def.'s Br. at 3; Pl.'s

Br. at 2-3.  Pursuant to the agency's "departmental manual," plaintiff filed a grievance

challenging this suspension.  Def.'s Br. at 3; Pl.'s Br. at 3.  The grievance was denied in

a decision by Randall Updike, an executive for the USGS/Central Region.  Def.'s Br. at

4; Pl.'s Br. at 3.  Plaintiff requested a review of this denial by the agency's Office of

Hearings and Appeals.  Def.'s Br. at 4; Pl.'s Br. at 3.  Following a three-day adjudicatory

hearing, the hearing examiner recommended a decision in plaintiff's favor, which would

overturn the suspension and expunge plaintiff's record.  *Id.*  The decision further

recommended that plaintiff be awarded back pay pursuant to the federal Back Pay Act,

5 U.S.C. § 5596, for the time of his suspension.  Jt. App'x [Docket No. 28] Ex. 1 at 21.

Finally, the decision permitted plaintiff to request his attorney's fees, which plaintiff did.

*Id.*; *see also* Def.'s Br. at 4; Pl.'s Br. at 4.

    The agency disagreed with the hearing examiner's recommendation and

appealed to the agency's Office of Human Resources ("OHR").  Def.'s Br. at 5; Pl.'s Br.

at 4-5.  On October 4, 2005, OHR issued its final decision, agreeing with and adopting

the hearing examiner's ruling.  Def.'s Br. at 5; Pl.'s Br. at 5.  Plaintiff then renewed his

request for attorney's fees before the hearing examiner and also asked for his fees

relating to the OHR appeal.  Compl. [Docket No. 2] ¶ 46; Def.'s Br. at 5.  On November

3, 2006, the hearing examiner issued a decision recommending plaintiff be awarded

$28,781 in fees and costs for the initial work before the hearing examiner, but

forwarded the supplemental request for fees related to the OHR appeal (another

$17,231, *see* Jt. App'x Ex. 9) to that office.  Jt. App'x Ex. 10.  However, after review,

OHR denied both the fees recommended by the hearing examiner and the fees sought

in the supplemental request.  Jt. App'x Ex. 11.  The upshot of this decision was that

plaintiff received none of the attorney's fees he was seeking.

In July 2007, plaintiff filed a complaint in this Court.  As described in that

complaint,

> This action contests the Agency's decision, dated July 2, 2007, denying
> Mr. Kunk attorney fees and costs concerning an adverse personnel action
> involving Mr. Kunk, the USGS/Central Region, the Agency's Office of
> Hearings and Appeals, Office of the Director, and the Agency's Director of
> Human Resources in the Office of the Secretary of the United States
> Department of Interior.

Compl. ¶ 9.  Plaintiff brought claims for violation of three specific statutes: 5 U.S.C. §

5596 (the Back Pay Act); 28 U.S.C. § 2412 (the Equal Access to Justice Act); and 5

U.S.C. § 504.[2]  Compl. at 28-43.  But regardless of the statutory source, plaintiff's

complaint essentially asks this Court to award him the fees that the agency did not.  *Id.*

at 44.

As the underlying facts were undisputed, the parties filed, and the Court granted,

a joint motion to resolve the case by cross-motions for summary judgment. [Docket

Nos. 15, 17.]  Plaintiff's motion focuses on the substance of the agency's denial,

arguing that the favorable decision on the merits compels an award of fees.

---

[2]  Plaintiff describes his claim under 5 U.S.C. § 504 as a claim under the
Administrative Procedures Act ("APA").  It appears that Section 504, although in the
"Administrative Procedure" chapter of the United States Code, is not actually part of the
APA, but rather is simply the portion of the Equal Access to Justice Act intended to
permit fees for administrative proceedings.  *See* Ellen M. Bussey, *Federal Civil Service
Law & Procedures* 366 (2d ed. 1990).  For that reason, I will refer to plaintiff's Section
504 claim as a claim under the Equal Access to Justice Act, not the APA.

Defendant's motion, on the other hand, addresses the procedural posture of the case, arguing that this Court has no jurisdiction to review the agency's administrative decisions.  The motions are ripe for decision.

## II.  ANALYSIS

### A.  Standard of Review

Summary judgment is warranted under Federal Rule of Civil Procedure 56(c) when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment.  *Faustin v. City & County of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*

### B.  Jurisdiction

As noted, defendant's motion for summary judgment focuses on this Court's jurisdiction.  Jurisdiction is a threshold question; without it, a federal court has no power to decide the case.  *Yerkovich v. Ashcroft*, 381 F.3d 990, 993 (10th Cir. 2004).  Thus, I consider defendant's motion before turning to plaintiff's arguments on the merits.

-4-

"'District and appellate courts have limited subject matter jurisdiction and may only hear cases when empowered to do so by the Constitution and by act of Congress.'" *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (quoting *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004)). Moreover, "'statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction.'" *United States ex rel. King v. Hillcrest Health Center, Inc.*,  264 F.3d 1271, 1280 (10th Cir. 2001) (quoting *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 552 (10th Cir. 1992)).  The proponent of federal court jurisdiction – here, the plaintiff – has the burden of proving it exists. *Lindstrom*, 510 F.3d at 1193  (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

In addition to basic issues of jurisdiction, because plaintiff's suit is against a federal agency, this case also presents questions of sovereign immunity.  "Sovereign immunity generally shields the United States, its agencies, and its officers acting in their official capacity from suit."  *Normandy Apartments, Ltd. v. U.S. Dept. of Housing and Urban Dev't*,  554 F.3d 1290, 1295 (10th Cir. 2009) (citing *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002)).  Therefore, "a party seeking to assert a claim against the government . . . must . . . point to a specific waiver of immunity in order to establish jurisdiction."  *Id.* (citing *Lonsdale v. United States*, 919 F.2d 1440, 1443-44 (10th Cir. 1990)).

In response to defendant's motion, plaintiff points to two sources of jurisdiction. Plaintiff's primary argument is that the Court has jurisdiction pursuant to the federal

Back Pay Act, 5 U.S.C. § 5596, and the general "federal question" jurisdictional statute, 28 U.S.C. § 1331.  Pl.'s Resp. [Docket No. 36] at 4, 10.  Plaintiff also argues for attorney's fees under both relevant sections of the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412.  *Id.* at 19.  I consider these arguments in turn.

### 1.  *Back Pay Act*

The Back Pay Act provides that a federal employee who has been affected by an unjustified personnel action is entitled to back pay and, in certain circumstances, reasonable attorney's fees.  5 U.S.C. § 5596(b)(1)(A)(i)-(ii).  The Act "is merely derivative in application; it is not itself a jurisdictional statute."  *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983).  However, as plaintiff is challenging federal agency action, the "federal question" statute invoked by plaintiff would typically provide the requisite jurisdictional hook.  *See, e.g.*, *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 56 (1993) ("28 U.S.C. § 1331, generally granting federal question jurisdiction, 'confers jurisdiction on federal courts to review agency action.'" (quoting *Califano v. Sanders*, 430 U.S. 99, 105 (1977))).  Further, although § 1331 does not itself waive the government's sovereign immunity, *Normandy Apartments*, 554 F.3d at 1295, the Back Pay Act does, *see, e.g.*, *Gonzalez v. Dep't of Transp.*, 568 F.3d 1369, 1370 (Fed. Cir. 2009).  Thus, at first glance, plaintiff's jurisdictional argument appears to be viable.

On closer inspection, however, plaintiff's theory falters.  Plaintiff seeks attorney's fees related to his personnel action before the agency.  Federal personnel actions are governed by the Civil Service Reform Act of 1978 ("CSRA").  The CSRA divides such

-6-

actions into two basic categories: minor disciplinary suspensions of 14 days or less, 5

U.S.C. § 7502, and more serious discipline including suspensions for more than 14

days, removal, or reduction in pay, *id.* § 7512.  Only those "major" disciplinary actions

are appealable to the Merit Systems Protection Board and then to the federal courts.

*Id.* §§ 7513(d), 7701, 7703.  As plaintiff concedes, because he was challenging a three-

day suspension, he could not have contested an adverse decision on that disciplinary

action in the courts.  Pl.'s Resp. at 7 ("Mr. Kunk did not have any right to appeal his

personnel action pursuant to the CSRA.").  Even so, he now seeks to challenge an

adverse decision concerning his attorney's fees incurred in that disciplinary action.  In

other words, plaintiff asks this Court to review an agency decision on a collateral matter,

while acknowledging that the Court could not review the substance of the matter itself.

The United States Supreme Court has rejected this sort of "end-around" tactic in

light of the comprehensive nature of the CSRA.  In *United States v. Fausto*, 484 U.S.

439 (1988), the Supreme Court considered whether the federal courts, and specifically

the United States Court of Claims, had jurisdiction over a federal employee's claim for

back wages stemming from an allegedly unwarranted suspension.  *Id.* at 442-43.

Because of the employee's status in the "excepted service,"[3] the CSRA did not permit

_____

[3] As explained by the Supreme Court,

The CSRA divides civil service employees into three main classifications
that can be generally described as follows: "Senior Executive Service"
employees are those who occupy high-level positions in the Executive
Department, but for whom appointment by the President and confirmation
by the Senate is not required.  5 U.S.C. § 3132(a)(2).  "Competitive
service" employees are all other employees for whom nomination by the
President and confirmation by the Senate is not required, and who are not
specifically excepted from the competitive service by statute or by

judicial review of the disciplinary decision. *Id.* at 443. Therefore, like plaintiff here, Mr. Fausto filed his lawsuit under the Back Pay Act. *Id.* The lower court in *Fausto* reasoned that, although the CSRA itself did not provide a right of appeal, it did not preclude the employee from separately seeking review under the Back Pay Act. *Id.* The Supreme Court disagreed. It began by noting that "the CSRA comprehensively overhauled the civil service system" and "prescribe[d] in great detail the protections and remedies applicable to [an adverse personnel action], including the availability of administrative and judicial review." *Id.* The law was enacted, said the Court, "to replace the haphazard arrangements for administrative and judicial review of personnel action" and indeed "replaced the patchwork system with an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *Id.* at 444, 445. The Court found that exclusion of certain employees from the judicial review provisions did not leave them free to pursue other remedies. Rather,

> [t]he CSRA established a comprehensive system for reviewing personnel action taken against federal employees. Its deliberate exclusion of employees in respondent's service category from the provisions establishing administrative and judicial review for personnel action of the sort at issue here prevents respondent from seeking review in the Claims Court under the Back Pay Act.

*Id.* at 455. The Court was quick to note that its decision did not abrogate the remedies

---

statutorily authorized regulation. § 2102. "Excepted service" personnel are the remainder-those who are in neither the competitive service nor the Senior Executive Service. § 2103.

*Fausto*, 484 U.S. at 441 n.1.

provided by the Back Pay Act, but rather incorporated that act and its remedies into "the integrated statutory scheme set up by Congress to protect civil servants." *Id.* at 453.

This case and *Fausto* have significant parallels.  Both employees received a multi-level "internal" agency review of their personnel decisions.  *Id.* at 442 (noting that the Secretary of the Interior upheld the employee's suspension).  Per the CSRA, neither employee was entitled to judicial review of the agency's ultimate disciplinary decision. The only notable difference between the two cases is that Mr. Fausto was seeking review of the agency's substantive action where, here, plaintiff seeks review of the agency's denial of his attorney's fees incurred during that substantive action.  That difference hurts, rather than helps, plaintiff's case.  Given Congress's intent to *preclude* judicial review of the substantive agency action in order to streamline the process and permit efficient handling of personnel matters, it would be anomalous that Congress nonetheless intended to *permit* review of collateral issues such as fees or costs.

Defendant raised these arguments in its motion for summary judgment, citing specifically to the *Fausto* case.  Def.'s Br. at 7-9.  In response, plaintiff pointed to a decision of the United States District Court for the District of Columbia, *Maney v. Department of Health and Human Services*, 637 F. Supp. 1128 (D.D.C. 1986), in which the district court reviewed an agency's denial of attorney's fees pursuant to the Back Pay Act.  Pl's Resp. at 10.  While I acknowledge the substantial similarities between the cases, I do not find *Maney* persuasive on this issue.  The *Maney* court simply mentioned that it had jurisdiction under 28 U.S.C. § 1331.  There is no substantive discussion of the jurisdictional issues, nor any indication that jurisdiction was

challenged.  As a non-binding case from another district court, *Maney* is at most

persuasive authority.  Without any explanation of the basis for its jurisdictional finding,

*Maney* does nothing to convince me that the United States Supreme Court's reasoning

in *Fausto* does not extend to this case.[4]

The Back Pay Act remains a relevant remedy for aggrieved employees, but only

as "an operative part of the integrated statutory scheme" of the CSRA.  *Fausto*, 484

U.S. at 453.  Plaintiff participated in that scheme.  He sought and received agency

review of his substantive discipline.  He then sought and received agency review of his

request for fees.  His lack of success on the latter, just like Mr. Fausto's lack of success

on the former, does not give this Court leave to inject itself into the federal personnel

process.  *Cf. Arron v. United States*, 113 F.3d 1245, 1997 WL 265103, *6 (10th Cir.

May 20, 1997) (finding plaintiff's federal and state law claims challenging conditions of

his federal employment and termination to be preempted by the CSRA; "that the

[federal and state] claims would afford [plaintiff] greater opportunities for judicial review

. . . does not alter our analysis").  The final word on plaintiff's attorney's fees claim, just

like the final word on plaintiff's underlying disciplinary action, is vested in the agency.  I

have no jurisdiction to review that decision.

---

[4]  Plaintiff also cites the Second Circuit's decision in *Ward v. Brown*, 22 F.3d 516 (2d Cir. 1994), for the proposition that the Back Pay Act waives sovereign immunity. Pl.'s Resp. at 10.  As discussed above, this is true; the Act does entitle a plaintiff to seek money from the government under the proper circumstances.  But that proposition is not dispositive of the related question of what entity – the agency, pursuant to the CSRA, or the federal courts – has the jurisdiction to award the government monies available under the Act.  I find that, in this case, that power resides with the agency.

### 2.   Equal Access to Justice Act

Plaintiff also argues for his attorney's fees under the Equal Access to Justice Act.  Plaintiff is correct that, in certain circumstances, that Act awards fees to a party as a result of an administrative "adversary adjudication," 5 U.S.C. § 504(a)(1), or a "civil action," 28 U.S.C. § 2412.  However, as with plaintiff's Back Pay Act argument, plaintiff is attempting an end-run around the procedures of the CSRA.  As discussed above, this tack is not allowed.  *See also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1067 (9th Cir. 2008) ("'Under *Fausto*, where a comprehensive remedial scheme exists to address agency adverse actions, and Congress has clearly indicated that no judicial review is available, an individual may not choose other federal statutory avenues to obtain review.'" (quoting *Fligiel v. Samson*, 440 F.3d 747, 752 (6th Cir. 2006))); *cf. Petrini v. Howard*, 918 F.2d 1482, 1485 (10th Cir. 1990) (finding that CSRA pre-empted federal *Bivens* claim and state law tort claims; "It is beyond dispute that the CSRA was intended to provide the exclusive procedure for challenging federal personnel decisions.").  I lack jurisdiction to review plaintiff's claims under this statute as well.

## III.   CONCLUSION

Plaintiff is seeking to have this Court review an agency's denial of attorney's fees in a substantive proceeding that, by plaintiff's own admission, was not itself reviewable. The CSRA's comprehensive remedial scheme, which committed plaintiff's substantive disciplinary action to the agency's process, necessarily commits collateral issues, such as attorney's fees, to that same internal review.  Accordingly, it is

**ORDERED** that defendant's cross-motion for summary judgment [Docket No. 27]

is GRANTED.  It is further

    **ORDERED** that plaintiff's amended motion for summary judgment [Docket No.

33] is DENIED.  It is further

    **ORDERED** that this case is DISMISSED for lack of subject-matter jurisdiction.


    DATED September 22, 2009.

                        BY THE COURT:


                        s/Philip A. Brimmer
                        PHILIP A. BRIMMER
                        United States District Judge